```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
DAVID F. DESPARD,

                        Plaintiff,                  06-CV-6659

                            v.                    **DECISION**
                                                        **and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____

## INTRODUCTION

Plaintiff David F. Despard ("Despard") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability benefits.[1] Specifically, Despard alleges that the decision of an Administrative Law Judge ("ALJ") denying his application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Despard opposes the defendant's motion and cross-moves for judgment on the pleadings.

---

[1] This case (formerly civil case 03-CV-0583) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

-Page 1-

BACKGROUND

On July 27, 2000, plaintiff David F. Despard, at the time a 47 year old former roofer and roofing supervisor, applied for Social Security disability benefits, claiming that he had become unable to work as of January 1, 2000 because of a lumbar disc herniation and a foot disorder. Despard's application was denied initially and on reconsideration. Thereafter, Despard requested a hearing before an Administrative Law Judge which took place on May 21, 2002. Plaintiff was represented by counsel at the hearing and a vocational expert was also present.

In a decision dated November 26, 2002, the ALJ found that although Despard's lumbar disc herniation and foot disorder were severe, he retained the residual functional capacity to perform sedentary work, with the ability to lift and carry 10 pounds, and the inability to sit, stand, or walk over 20 minutes at a time or to perform rotational movements about the spine. Therefore the ALJ concluded that Despard was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Despard's appeal of the ALJ's decision to the Social Security Appeals Board was denied on June 3, 2003, and on July 30, 2003 plaintiff filed this action.

DISCUSSION

I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a

claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,"

judgment on the pleadings may be appropriate. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

II. <u>The Commissioner's decision to deny Plaintiff benefits was erroneous based on substantial evidence in the record.</u>

Plaintiff contends that the ALJ's determination was based upon improper credibility findings not supported by the record. Specifically, the ALJ found that Despard's contention that approximately 20 times per day he has to walk around for 5 to 10 minutes at a time in order to relieve his back pain from sitting was not credible because it was not supported by substantial medical evidence in the record as a whole (Transcript of Administrative Proceedings at page 22)(hereinafter "T."). However, plaintiff's testimony in this regard is not inconsistent with the residual functional capacity evaluations of Dr. James E. Hohensee, plaintiff's primary care physician, and Dr. Gregory Bennett, plaintiff's neurosurgeon, to whom the ALJ gave great deference as well as expressly stating that he accepted their residual functional capacity evaluations (T. 22). On May 17, 2002, Dr. Hohensee opined that plaintiff "cannot stand or sit or walk for prolonged periods of time" and further specified that he can only sit without interruption for 20 minutes at a time (T. 360-61). Similarly, Dr. Bennett opined that "his work limitations are extreme. He is unable to perform any prolonged sitting, standing or bending" (T. 264). The ALJ also concluded that plaintiff was "unable to sit, stand or walk over 20 minutes at a time" (T. 24). Therefore, the ALJ's determination to discount plaintiff's

testimony of limitations and pain is inconsistent with the opinions of plaintiff's treating physicians and is not supported by substantial medical evidence in the record.

It was error for the ALJ to not consider the opinion of the vocational expert who concluded that a person with plaintiff's medical profile and claimed limitations (as set forth in the hypothetical question) was disabled because there were no jobs in the national economy for a person with his physical limitations. (T. 65). The ALJ did not consider the vocational expert's opinion because she (the ALJ) did not find credible plaintiff's contention of the need to walk for 5 to 10 minutes 20 times per day. (T. 25.) I find there was substantial medical evidence in the record to support plaintiff's contention of pain and limitations and, therefore, it was error for the ALJ to discount plaintiff's testimony and the vocational expert's testimony that found him disabled.

Plaintiff also contends that the decision of the ALJ should be reversed because his subsequent application for disability benefits, with the onset date being November 27, 2002, the day after the ALJ's decision, was granted without any substantial change in evidence. That does not influence this decision since it is the ALJ's decision of November 26, 2002, which is being reviewed and solely based upon the evidence in the record in support of the ALJ's decision.

CONCLUSION

For the reasons set forth above, I grant plaintiff's motion for judgment on the pleadings and reverse the Commissioner's determination. I remand this case to the Commissioner solely for the calculation and payment of benefits. Defendant's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 30, 2007